IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PAM BEAUCHAMP,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. W-15-CV-038 |
| | § | |
| WACO TX. MANAGEMENT, LLC,<br>and PARAGON HEALTHCARE<br>GROUP, LLC,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

# ORDER

Before the Court is Plaintiff's Motion to Compel Production of Information and Documents From Defendants (the "Motion"). Doc. 23. The Court is persuaded that the Motion should be **GRANTED** in part and **DENIED** in part.

## I. Factual and Procedural Background

Plaintiff Pam Beauchamp ("Plaintiff") is a former licensed vocational nurse ("LVN") who was employed by Defendants Waco Tx. Management, LLC and Paragon Healthcare Group, LLC (collectively, "Defendants"). Plaintiff alleges violations of the Family Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act ("ADEA"), and the Fair Labor Standards Act ("FLSA"). Plaintiff claims that she: (1) was not paid for the time spent taking continuing education classes that Defendants required her to take, in violation of the FLSA; (2) experienced retaliation in violation of the FMLA when Defendants terminated her employment after she advised Defendants of a serious medical condition; and (3) suffered employment termination on the basis of age, in violation of the ADEA.

1

Plaintiff's Motion seeks to compel Defendants to produce documents pursuant to certain Requests for Production and to provide answers to some of Plaintiff's Interrogatories. Defendants filed a Response (Doc. 26) in opposition, and Plaintiff filed a Reply (Doc. 27).

## II. Analysis

Federal Rule of Civil Procedure 37(a)(2) and (3) empowers the Court to compel production of documents and complete responses to interrogatories upon motion by the party seeking discovery. The burden lies with the moving party to clearly show that the information sought is relevant to the case and would lead to admissible evidence. *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006).

Plaintiff's Reply to Defendants' Response clarifies that certain issues raised within the Motion are now moot as the parties came to a resolution. Therefore, the Court denies as moot Plaintiff's request to compel Defendants to respond to Interrogatory Nos. 2 and 6 and Request for Production No. 7. *See* Doc. 27 at 4–5.

After considering the remainder of the discovery requests in contention and the parties' arguments, the Court finds that the rest of the Motion should be granted. "[I]t is important to recognize that in . . . employment cases courts properly take a broad view of relevance because plaintiffs must, of necessity, rely on circumstantial evidence." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2009.2 (3d ed. 2015).

The Second Circuit, in holding that discovery was unduly circumscribed in an age discrimination employment case, stated the following:

> Because employers rarely leave a paper trail—or "smoking gun—attesting to discriminatory intent, disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of various explanations offered by the employer . . . . The district court's refusal to compel an answer from [the employer] deprived [plaintiff] of evidence potentially helpful to his attempt to assemble such a quantum of circumstantial evidence supporting his argument of pretext.

*Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84–85 (2d Cir. 1990) (internal citations omitted).

Defendants shall fully comply with Interrogatory Nos. 9, 10, and 11 and Request for Production Nos. 16, 17, 18, and 19. Specifically, Defendants must provide Plaintiff the names of persons who gave notice to Defendants of a need to take leave due to a serious health condition, but who did not request that the leave be designated as FMLA leave. *See* 25 C.F.R. § 825.300; *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001) (explaining that circumstantial evidence in a Title VII discrimination case can create a genuine issue of material fact to defeat summary judgment). In addition, Defendants shall identify employees who advised of a serious health condition or who requested leave for medical reasons and must provide personnel documents of those individuals who have taken leave. *See, e.g., Lindsey v. Prive Corp.*, 987 F.2d 324, 328 (5th Cir. 1993) (finding evidence of age discrimination in the fact that three other dancers over forty years old were dismissed at the

3

same time as plaintiff); *Reeves v. Gen. Foods Corp.*, 682 F.2d 515, 525 (5th Cir. 1982) (testimony of another older employee who was forced to resign bolstered the inference of age discrimination).

Moreover, the Court hereby requires Defendants to provide Plaintiffs with the value of other LVN employee benefits that employees are likely to receive, including the number of paid personal and sick days and the value of other insurances, excluding life insurance. Thus, Defendants must comply with Interrogatory No. 18 and Request for Production No. 23.

To the extent that documents pertaining to Request for Production No. 11 exist, Defendants shall provide Plaintiff with the previously agreed upon personnel documents (i.e., disciplinary, performance reviews, and termination documents) for persons who made allegations of age discrimination or FMLA interference or retaliation that allegedly took place from April 19, 2011 through July 31, 2014, irrespective of when a formal complaint was filed. *See Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1299 (S.D. Tex. 1996) ("Discriminatory intent may be proven (among other ways) by departures from procedural norms, a history of discrimination against others similarly situated, or by circumstantial evidence[.]").

Finally, Defendants must comply with the applicable Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent not objected to, be answered separately and fully in writing under oath."); Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers [to interrogatories] must

4

sign them, and the attorney who objects must sign any objections."); Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

### III. Conclusion

Accordingly, the Motion to Compel Production of Information and Documents From Defendants is **GRANTED** in part and **DENIED** in part.

**SIGNED** this 2d day of March, 2016.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE